Kristen G. Simplicio (Bar No. 263291)
Anna Haac (*pro hac vice* forthcoming)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue Northwest,
Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 919-5852
Facsimile: (202) 973-0950
*ksimplicio@tzlegal.com*
*ahaac@tzlegal.com*

Sabita J. Soneji (Bar No. 224262)
Cameron R. Partovi (Bar No. 319589)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
*ssoneji@tzlegal.com*
*cpartovi@tzlegal.com*

Annick M. Persinger (Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
Telephone: (213) 425-3657
*apersinger@tzlegal.com*

Eric Rothschild (*pro hac vice* forthcoming)
**NATIONAL STUDENT LEGAL
DEFENSE NETWORK**
1701 Rhode Island Avenue Northwest
Washington, District of Columbia 20036
Telephone: (202) 734-7495
*eric@defendstudents.org*

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IOLA FAVELL, SUE ZARNOWSKI, and MARIAH CUMMINGS, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSITY OF SOUTHERN CALIFORNIA and 2U, INC., <br><br> Defendants. | Case No. 2:23-cv-03389-SPG-MAR <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT** <br><br> Judge: Hon. Sherilyn Peace Garnett <br> Date:  June 28, 2023 <br> Time: 1:30 P.M. <br> Place: Courtroom 5C <br><br> [Declaration of Cameron R. Partovi and Proposed Order filed concurrently herewith] |

**PLEASE TAKE NOTICE** that on June 28, 2023, or as soon thereafter as the matter can be heard, in the United States District Court for the Central District of California, before the Honorable Sherilyn Peace Garnett, Plaintiffs Iola Favell, Sue Zarnowski, and Mariah Cummings ("Plaintiffs"), individually and on behalf of all others similarly situated, will and do move the Court for an order remanding this case to the Superior Court for the County of Los Angeles with an order that Defendants University of Southern California ("USC") and 2U, Inc. ("2U") (collectively, "Defendants") pay Plaintiffs' attorneys' fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).

This motion is made on the grounds that the case was improperly removed because (1) the Court lacks equitable jurisdiction over the claims for restitution raised in this action; and (2) the Court lacks Article III jurisdiction over Plaintiffs' request for injunctive relief.

Prior to filing this Motion to Remand, Plaintiffs' counsel met and conferred with Defendants' counsel as required by L.R. 7-3, by email correspondence on May 3, 2023, and via videoconference on May 8, 2023. Declaration of Cameron Partovi ("Partovi Declaration") ¶¶ 4, 6 & Ex. 1. Counsel for both Defendants indicated that they would oppose Plaintiffs' request to remand the Equitable Action. Partovi Decl. ¶ 6.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support of this motion, the supporting Declaration of Cameron R. Partovi, the record and files of this case, and any further oral or documentary evidence introduced at the hearing of this motion.

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND........................................2

III.   ARGUMENT .........................................................................................3

       A.    Legal Standard .......................................................................3

       B.    The Court Must Remand This Action Because It Lacks Equitable
             Jurisdiction Over Plaintiffs' Claims ..........................................5

       C.    Defendants' Efforts to Prevent Plaintiffs from Bringing Equitable
             Claims Under State Law In Any Forum Undermine State Interests........7

       D.    The Court Lacks Subject Matter Jurisdiction Over Plaintiffs'
             Request for Injunctive Relief....................................................11

       E.    The Court Should Award Plaintiffs Their Costs and Attorneys'
             Fees......................................................................................12

IV.    CONCLUSION ...................................................................................13

# TABLE OF AUTHORITIES

## CASES

*Abrego Abrego v. The Dow Chem. Co.*,
   443 F.3d 676 (9th Cir. 2006) ....................................................................4

*Bilafer v. Bilafer*,
   161 Cal. App. 4th 363 (2008) ...............................................................12

*Bottiglier v. Dexcom, Inc.*,
   2023 WL 3471461 (S.D. Cal. Apr. 11, 2023) .......................................12

*Cal-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
   20 Cal. 4th 163 (1999) ............................................................................7

*Cates v. Allen*,
   149 U.S. 451 (1893) ............................................................................4, 6

*Clevenger v. Welch Foods Inc.*,
   2022 WL 18228288 (C.D. Cal. Dec. 14, 2022) ...........................6, 9, 11

*Clevenger v. Welch Foods, Inc.*,
   2023 WL 2390630 (C.D. Cal. Mar. 7, 2023) .................................passim

*Darbison v. Swearingen*,
   2022 WL 2866584 (E.D. Cal. July 21, 2022) .........................................3

*Davidson v. Kimberly-Clark Corp.*,
   873 F.3d 1103 (9th Cir. 2017) ..........................................................7, 12

*Geographic Expeditions, Inc. v. Estate of Lhotka*,
   599 F.3d 1102 (9th Cir. 2010) ................................................................3

*Guthrie v. Transam. Life Ins. Co.*,
   561 F. Supp. 3d 869 (N.D. Cal. 2021) .........................................passim

*Guzman v. Polaris Industries, Inc.*,
   49 F.4th 1308 (9th Cir. 2022) .......................................................passim

*Machlan v. Procter & Gamble Company*,
   77 F. Supp. 3d 954 (N.D. Cal. 2015) .............................................8, 9, 10

*Martin v. Franklin Capital Corp.*,
   546 U.S. 132 (2005) ..............................................................................12

*Matheson v. Progressive Specialty Ins. Co.*,
   319 F.3d 1089 (9th Cir. 2003) ................................................................3

*People for Ethical Operation of Prosecutors & Law Enforcement v. Rackauckas*,
   2018 WL 3533461 (C.D. Cal. July 23, 2018) .......................................11

ii

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT
*Favell, et al., v. University of Southern California, et al.*, No. 2:23-cv-03389-SPG-MAR

*Quackenbush v. Allstate Ins. Co.*,
  517 U.S. 706 (1996) ................................................................ 4, 7, 9

*Schlesinger v. Councilman*,
  420 U.S. 738 (1975) .......................................................................6

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ............................................... 5, 9, 11

*TransUnion LLC v. Ramirez*,
  210 L. Ed. 2d 568, 141 S. Ct. 2190 (2021) ...................................11

*Twist v. Prairie Oil & Gas Co.*,
  274 U.S. 684 (1927) ............................................................ 1, 4, 6, 10

**STATUTES**

28 U.S.C. § 1447(c) ............................................................................3, 12

Consumer Legal Remedies Act, Cal. Civ. Code § 1770 ......................... passim

## I.     INTRODUCTION

Binding caselaw in the Ninth Circuit holds that federal district courts lack equitable jurisdiction to hear the merits of equitable state law claims, such as those alleged in this action ("Equitable Action"). *Guzman v. Polaris Industries, Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022). And "post-*Guzman*, under binding Supreme Court precedent," the fact that the Court lacks equitable jurisdiction means the case **must be remanded to state court**. *Clevenger v. Welch Foods, Inc.*, 2023 WL 2390630, at *4 (C.D. Cal. Mar. 7, 2023) (citing *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 690 (1927)).

Defendant 2U, Inc. ("2U"), undeterred by binding law, removed this action ("Equitable Action") to federal court while knowing that this Court lacks equitable jurisdiction to hear the claims. In fact, both 2U and Defendant University of Southern California ("USC") moved to dismiss Plaintiffs' original complaint in the related action *Favell et al. v. University of Southern California et al.* (C.D. Cal. Case No. 2:23-CV-00846-SPG-MAR) ("Damages Action") (which 2U also removed) in part because, as Defendants argued, **federal courts could not hear the equitable claims originally raised in that action**. Having separately filed those equitable claims in state court, those claims are now **the only claims at issue here**. This action must be remanded to state court on this basis alone.

Moreover, 2U's removal is not only contrary to binding law but is also blatant gamesmanship that misuses the Class Action Fairness Act ("CAFA") to deny Plaintiffs any forum to pursue their equitable claims. And in preventing the full and fair adjudication of claims under California's Unfair Competition Law and False Advertising Law, it subverts important state public policy interests. This inappropriate jockeying undermines federalism concerns that a District Court must consider when assessing jurisdiction. The Court should remand the action to state court for this independent reason.

Finally, to the extent 2U asserts removal is proper due to the claims for injunctive relief, this Court lacks Article III jurisdiction over those claims.

1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT
*Favell, et al., v. University of Southern California, et al.*, No. 2:23-cv-03389-SPG-MAR

1    Accordingly, the Court must remand this action to Los Angeles Superior Court.

2    **II.    FACTUAL AND PROCEDURAL BACKGROUND**

3    This action alleges that Defendants engaged in a fraudulent scheme (1) to submit
4    erroneous data to U.S. News & World Report ("US News") to artificially inflate USC
5    Rossier School of Education's ("USC Rossier") standing in US News' Best Education
6    Schools rankings; and (2) to falsely advertise USC Rossier's fraudulently obtained US
7    News rankings to prospective USC Rossier online degree students. *See generally* Dkt. 1-
8    2.

9    Plaintiffs filed the Damages Action alleging this fraudulent scheme in Los
10   Angeles Superior Court on December 22, 2022. Declaration of Cameron R. Partovi
11   ("Partovi Declaration") ¶ 2; *see* Los Angeles Super. Ct. Case No. 22STCV39350. The
12   Damages Action alleged a cause of action for damages and equitable relief under the
13   Consumer Legal Remedies Act, Civ. Code § 1770 *et seq.* ("CLRA"), an equitable cause
14   of action for unjust enrichment, and equitable claims under the False Advertising Law
15   ("FAL") and Unfair Competition Law ("UCL"). Damages Action, Dkt. 1, Ex. A
16   (Compl.) ¶¶ 147-78.

17   2U removed the Damages Action to federal court on February 3, 2023. Dkt. 1.
18   Defendants then moved to dismiss arguing, in relevant part, that federal courts lacked
19   the power to adjudicate the claims for equitable relief because Plaintiffs had an adequate
20   remedy at law. Damages Action, Dkt. 28 (2U's Motion to Dismiss) at 31 (stating that
21   Plaintiffs were required to allege an inadequate legal remedy "to pursue an equitable
22   claim **in federal court**," "**even if the state's own courts could provide equitable**
23   **relief without satisfying those principles**. . . .") (emphasis added); Damages Action,
24   Dkt. 30 (USC's Motion to Dismiss) at 7 ("**In federal courts**, 'equitable relief is not
25   appropriate where an adequate remedy exists at law.'") (emphasis added)).

26   In response, on March 29, 2023, Plaintiffs filed an amended complaint in the
27   Damages Action to remove the equitable claims and include only a CLRA damages
28   claim. Damages Action, Dkt. 32 ("Damages Action FAC") ¶¶ 147-153. Plaintiffs also

2

filed the Equitable Action (the operative complaint here) in Los Angeles Superior Court, consistent with the Ninth Circuit's instruction that claims over which the federal court lacks equitable jurisdiction may be "refil[ed] . . . in state court." *Guzman v. Polaris Indus., Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022). The Equitable Action seeks only equitable relief (restitution), and alleges causes of action under the FAL, UCL, and CLRA. Dkt. 1-2 ¶¶ 147-165. That same day, counsel for Plaintiffs wrote to counsel for Defendants to advise that removal would be improper and urged them to consider stipulating for a remand of the Damages Action. Partovi Decl., ¶ 3 & Ex. 1, at 4-5. They did not respond. *Id.* ¶ 3.

Despite arguing that the Damages Action should be dismissed because the claims could not be heard in federal court, on May 3, 2023, 2U removed the Equitable Action to federal court, purporting to do so pursuant to CAFA. Equitable Action, Dkt. 1.

Prior to filing this Motion, Plaintiffs' counsel met and conferred with Defendants' counsel as required by L.R. 7-3, by email correspondence on March 29 and May 3, 2023, and via videoconference on May 8, 2023. Partovi Decl. ¶¶ 4, 6 & Ex. 1. Counsel for both Defendants indicated that they would oppose Plaintiffs' request to remand the Equitable Action. Partovi Decl. ¶ 6.

## III.   ARGUMENT

### A.   Legal Standard

"On a motion to remand, defendants bear the burden of showing that federal jurisdiction is appropriate." *Darbison v. Swearingen*, 2022 WL 2866584, at *1 (E.D. Cal. July 21, 2022) (citing *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). A court must grant a motion to remand if it lacks subject matter jurisdiction or if there exists "any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). "Where there are any doubts regarding the propriety of removal, the case should be remanded." *Darbison*, 2022 WL 2866584, at *1 (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)). Defendants bear the burden of establishing the appropriateness of removal even where, as here, 2U removed

3

1  pursuant to CAFA. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir.

2  2006). ("[U]nder CAFA the burden of establishing removal jurisdiction remains, as

3  before, on the proponent of federal jurisdiction.").

4          As the Ninth Circuit recently explained in *Guzman v. Polaris Industries, Inc.*, a court

5  must have ***both*** equitable jurisdiction and subject matter jurisdiction over an action

6  before it may hear the merits of the case. 49 F.4th 1308, 1314 (9th Cir. 2022).

7  Importantly, "where federal law bars [the district court] from considering the merits of

8  state-law claims, [it] also lack[s] authority to prevent state courts from doing so." *Id.* at

9  1315. *Guzman*'s reasoning implicates "binding Supreme Court precedent [stating that],

10  when a removed suit seeks relief that is 'beyond the equitable jurisdiction of the federal

11  court' but 'may be granted by the state court,' ***the suit is remanded to state court***.'"

12  *Clevenger v. Welch Foods, Inc.*, 2023 WL 2390630, at *4 (quoting *Twist v. Prairie Oil & Gas*

13  *Co.*, 274 U.S. 684, 690 (1927) (explaining the significance of this Supreme Court

14  precedent "post-*Guzman*")) (emphasis added); *Cates v. Allen*, 149 U.S. 451, 460 (1893)

15  (even if a federal court has diversity jurisdiction over an action, where the "suit was not

16  properly cognizable in the circuit court [for lack of equitable jurisdiction], . . . it is the

17  duty of the circuit court . . . , to remand the cause").

18          Moreover, "[a] court deciding whether to exercise federal jurisdiction has a 'duty'

19  to take the role and authority of the States into account and to consider 'obligations of

20  comity, and respect for the appropriate balance between state and federal interests."

21  *Clevenger*, 2023 WL 2390630, at *3 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706,

22  723 (1996)). Accordingly, courts may remand actions raising equitable claims to state

23  court to further "the principles of federalism." *Id.* at *5; *see Guthrie v. Transam. Life Ins.*

24  *Co.*, 561 F. Supp. 3d 869, 871-72 (N.D. Cal. 2021) (remanding action to state court

25  where the district court "lack[ed] equitable jurisdiction over the plaintiffs' claims," and

26  citing the district court's "power . . . to decline to exercise its jurisdiction when it is

27  asked to employ its historic powers as a court of equity").

28

**B.**     **The Court Must Remand This Action Because It Lacks Equitable Jurisdiction Over Plaintiffs' Claims**

Plaintiffs' claims for restitution under the UCL and FAL are at the core of the Equitable Action. Equitable Action FAC ¶¶ 147-166.[1] It is beyond dispute that the Court lacks equitable jurisdiction over these claims, meaning the Court does not have the power to adjudicate Plaintiffs' claims on the merits.

The Ninth Circuit's decision in *Sonner v. Premier Nutrition Corp.*—a decision on which both Defendants relied in their Motions to Dismiss Plaintiffs' equitable claims in the Damages Action—held, in light of "federal equitable principles," that "federal courts" have no power to "award equitable restitution under the UCL and CLRA" absent allegations that the plaintiff "lacks an adequate legal remedy." 971 F.3d 834, 845 (9th Cir. 2020); *see* Damages Action, Dkt. 28 (2U's Motion to Dismiss) at 32-34 (arguing that Plaintiffs' claims should be dismissed based on *Sonner*, which prohibited Plaintiffs from "pursu[ing] an equitable claim in federal court"); Damages Action, Dkt. 30 (USC's Motion to Dismiss) at 7-8 ("Under *Sonner*, a plaintiff cannot seek equitable relief absent plausible allegations that she lacks an adequate legal remedy."). In other words, federal courts **lack equitable jurisdiction** over an equitable action when an adequate legal remedy exists. *Guthrie*, 561 F. Supp. 3d at 871 (explaining that the rule announced in *Sonner* left the district court without "equitable jurisdiction over the plaintiffs' claims").

In the wake of Sonner, district courts were divided as to how to handle equitable claims, with some retaining jurisdiction as an "alternative" theory of liability. But last September, the Ninth Circuit clarified that where it is apparent from the face of the complaint that an adequate remedy at law exists, the equitable claims can only be heard in state court. *Guzman v. Polaris Industries, Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) (explaining that, "because [the plaintiff] had an adequate legal remedy in his time-barred

---

[1] Plaintiffs also request "injunctive relief as permitted by law or equity." (Dkt. 1-2 at 52). As explained below, while the Court may have subject matter jurisdiction over this request, the Court lacks Article III jurisdiction over these claims.

5

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT
*Favell, et al., v. University of Southern California, et al.*, No. 2:23-cv-03389-SPG-MAR

CLRA claim, the district court lacked equitable jurisdiction to hear [the plaintiff's] UCL claim"). In so holding, *Guzman* made clear that there are two jurisdictional inquiries, explaining that "[e]**ven when a court has subject matter jurisdiction**, '[t]here remains the question of equitable jurisdiction' before 'the District Court properly [can] reach the merits.'" *Id.* (quoting *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975) (alterations in original) (emphasis added)). Thus, even if subject matter jurisdiction is conferred via Article III or CAFA, district courts are to abstain from adjudicating the merits of equitable claims over which they lack jurisdiction, and instead dismiss cases filed in federal court without prejudice to refiling in state court. *Id.* at 1315.

Since *Guzman*, district courts have followed its directive as to the equitable claims where the cases were originally filed in federal. *See, e.g., Clevenger v. Welch Foods Inc.*, 2022 WL 18228288, at *5-6 (C.D. Cal. Dec. 14, 2022) ("Clevenger I"). And where the cases were removed to federal court and seek only equitable remedies, remanded the action back. *See, e.g., Clevenger v. Welch Foods Inc.*, 2023 WL 2390630, at *4-6 (C.D. Cal. Mar. 7, 2023) ("Clevenger II"). While *Guzman* had involved the former scenario, as discussed in *Clevenger II*, in cases removed from state court, *Guzman*'s holding on equitable jurisdiction implicates "binding Supreme Court precedent" that requires remand to state court, because the "removed suit seeks relief that is 'beyond the equitable jurisdiction of the federal court. . . .'" *Clevenger II*, 2023 WL 2390630, at *3 (quoting *Twist*, 274 U.S. at 690).

Here, the Equitable Action seeks the same restitutionary remedies at issue in *Guzman* and *Clevenger*, and thus, the Court must remand this action to state court. *See also Cates*, 149 U.S. at 460 (holding that, even where the federal court had diversity jurisdiction over an action, "**it was the duty of the circuit court** . . . **to remand the cause**" because the action "was not properly cognizable in the circuit" for lack of equitable jurisdiction) (emphasis added); *see also Guthrie*, 561 F. Supp. 3d at 878 ("As in *Cates*, the court possesses diversity jurisdiction. As in *Cates*, the claim is outside of the court's equitable jurisdiction. Accordingly, as in *Cates*, the case will be remanded to state

6

1  court—a court that must follow California's rules on equitable relief, not federal
2  ones.").

3  **C.   Defendants' Efforts to Prevent Plaintiffs from Bringing Equitable**
4  **Claims Under State Law In Any Forum Undermine State Interests**

5  This action should be remanded to state court for the separate reason that
6  rewarding Defendants' gamesman-like approach to removal procedures would ensure
7  that Plaintiffs' equitable claims—all pleaded under California consumer protection
8  statutes—could not be heard in **any forum**, whether in federal or state court. *See*
9  *Clevenger II*, 2023 WL 2390630, at *3 ("A court deciding whether to exercise federal
10  jurisdiction has a 'duty' to take the role and authority of the States into account and
11  consider 'obligations of comity, and respect for the appropriate balance between state
12  and federal interests.") (quoting *Quackenbush*, 517 U.S. at 723). And here, Plaintiffs seek
13  to pursue important state law claims through California's unique equitable UCL
14  scheme, which has "lesser sanctions . . . but broader scope for a reason," as "the section
15  was intentionally framed in its broad, sweeping language, precisely to enable judicial
16  tribunals to deal with the innumerable new schemes which the fertility of man's
17  invention would contrive." *Cal-Tech Communications, Inc. v. Los Angeles Cellular Telephone*
18  *Co.*, 20 Cal. 4th 163, 181 (1999) (internal quotations omitted); *cf. Davidson v. Kimberly-*
19  *Clark Corp.*, 873 F.3d 1103, 1116 (9th Cir. 2017) ("Were injunctive relief unavailable to
20  a consumer who learns after purchasing a product that the product's label is false [for
21  lack of Article III standing], California's consumer protection laws would be effectively
22  gutted, as defendants could remove any such case.").

23  Although 2U, in its Notice of Removal of the Equitable Action and its
24  correspondence with Plaintiff's counsel, coyly implies that there is nothing untoward
25  about its conduct because CAFA confers subject matter jurisdiction, Dkt. 1; Partovi
26  Decl., Ex. 1 at 1, it is not hard to understand Defendants' cynical goal. 2U has already
27  removed Plaintiffs' claims to federal court only for Defendants to turn around and
28  argue in their Motions to Dismiss that Plaintiffs' equitable claims cannot be heard in

federal court, as if Plaintiffs chose the federal forum in the first instance. 2U has now removed Plaintiffs' Equitable Action—which contains **only** claims that 2U **knows** cannot be heard in federal court—and both Defendants intend to move to dismiss Plaintiffs' claims for lack of equitable jurisdiction **for a second time**. *See* Partovi Decl., Ex. 1 at 2 ("Since the substantive allegations [in the Damages Action and the Equitable Action] are the same . . . the bases [for Defendants' forthcoming motions to dismiss the Equitable Action] will be familiar to you from our prior calls to confer, as well as from the two motions to dismiss each defendant has filed already.").

If the Court hears Defendants' forthcoming motions to dismiss the Equitable Action, it will be required to dismiss the Equitable Action "without prejudice to refiling the same claim[s] in state court." *Guzman*, 49 F.4th 1314. If Plaintiffs were to then refile the Equitable Action in state court, Defendants would undoubtedly continue the cycle of removing and seeking dismissal of Plaintiffs' equitable claims, which would mean that Plaintiffs will **never** be able to take advantage of the equitable remedies set forth in California's consumer protection statutes unless they artificially and impractically limit the case to a class so small that it can no longer be removed under CAFA.

Defendants' efforts to essentially nullify a swath of causes of action that the California Legislature created precisely for the benefit of people like the Plaintiffs in this action makes a mockery of any notion of federalism or comity. In *Machlan v. Procter & Gamble Company*, the court found that the plaintiff lacked standing to pursue his claims for injunctive relief under the UCL, CLRA, and FAL, but then remanded the case to state court rather than dismissing it, relying on "[p]rinciples of fairness and comity." 77 F. Supp. 3d 954, 960-61 (N.D. Cal. 2015). As the court explained:

> Allowing a defendant to undermine California's consumer protection statutes and defeat injunctive relief simply by removing a case from state court is an unnecessary affront to federal and state comity. . . . A California state court ought to decide whether injunctive relief is appropriate for plaintiff's claims. Respect for comity and federalism compel that conclusion, and **just tossing aside the state's injunction remedy**

1
2
**because of this Court's limited jurisdiction is an unwarranted federal intrusion into California's interests and laws**.

3 *Machlan*, 77 F. Supp. 3d at 961-62 (emphasis added). Other federal courts have similarly

4 cited federalism concerns when remanding actions to state court where, like here, the

5 action consists solely of equitable claims over which the federal court lacks jurisdiction.

6 *See, e.g., Guthrie*, 561 F. Supp. 3d at 878 ("Accordingly. . ., the case will be remanded to

7 state court—a court that must follow California's rules on equitable relief, not the

8 federal ones."); *Clevenger II*, 2023 WL 2390630, at *3, 5.

9      *Clevenger II* is particularly instructive. In *Clevenger*, like here, the plaintiffs originally

10 filed in state court equitable claims under the UCL and claims for restitution and

11 damages under the CLRA. *Clevenger II*, 2023 WL 2390630, at *1. Like here: In *Clevenger*

12 *I*, the defendants removed that action to federal court pursuant to CAFA, and moved

13 for judgment on the pleadings of the state court equitable claims because the court

14 lacked equitable jurisdiction under *Sonner*; the district court agreed and dismissed the

15 equitable claims "without prejudice to the claims being brought in state court"

16 (following *Guzman*); in *Clevenger II*, the plaintiffs filed a similar action in state court, this

17 time only seeking equitable relief under the UCL; and the defendants removed yet again.

18 *Id.*

19      The court in *Clevenger*, faced with a procedural history that is materially identical

20 to the history in the present action, noted its "duty" to take into account the interests

21 of federalism in determining whether to remand and found that "[t]he purposes of

22 CAFA, concerns of federalism, and the interests of justice would best be served by

23 remanding this case due to a lack of equitable jurisdiction." *Id.* at *3 (quoting

24 *Quackenbush*, 517 U.S. at 716). The court explained:

25
26
27
28
> In sum, the Court will not adopt a formalistic approach that loses sight of the intent of CAFA, the equities involved, or the principles of federalism, in favor of rewarding forum shopping and jurisdictional gamesmanship. CAFA . . . was not intended to encourage gamesmanship or to extinguish claims which could properly be litigated only in state court. **Remand is**

*also consistent with the commonsense notion that a defendant should not be able to avail itself of federal jurisdiction only to turn around and argue that jurisdiction does not exist in order to have the case dismissed.* Defendants removed the Complaint knowing full-well that this Court lacked jurisdiction to adjudicate the claims that Plaintiffs asserted. . . . *[T]his attempt to circumvent state-court judicial powers and prevent Plaintiffs' UCL claim from ever being heard is a clear misuse of CAFA.*

*Clevenger II*, 2023 WL 2390630, at *5 (citations omitted) (emphasis added); *see also Guthrie*, 561 F. Supp. 3d at 875-76 (granting motion to remand UCL claim over which the federal court lacked equitable jurisdiction based on "well-settled principles" dictating that "*remand* should follow" when a removed lawsuit is 'beyond the equitable jurisdiction of the federal court'") (emphasis in original) (quoting *Twist*, 274 U.S. at 690).

Machlan, *Clevenger II*, and *Guthrie* each recognized the danger of finding removal appropriate where, as here, the defendants' strategy would cause courts and litigants to become "stuck in a perpetual loop of (1) plaintiff's re-filing in state court, followed by (2) removal by defendants and then (3) dismissal by this Court." *Machlan*, 77 F. Supp. 3d at 961; *Guthrie*, 561 F. Supp. 3d at 880 (citing *Machlan*, 77 F. Supp. 3d at 961); *Clevenger II*, 2023 WL 2390630, at *4 (citing *Guthrie*, 561 F. Supp. 3d at 880). "Neither law nor logic requires that result, and precedent suggests the contrary approach." *Guthrie*, 561 F. Supp. 3d at 880. "[T]he contrary approach" is remanding this action to state court to prevent Defendants from confining Plaintiffs' state law equitable claims to a procedural limbo that would prevent even California's state courts from deciding the merits of claims brought under the state's own laws.[2]

---

[2] Like in *Machlan*, other federal courts have remanded actions to state court in the Article III standing context when faced with removal strategies like those employed by Defendants here. As one court explained when granting a remand motion where the plaintiffs lacked Article III standing to allege certain constitutional violations in federal court, "If the Court were to adopt Defendants' argument and dismiss Plaintiffs' federal claims, those claims would either be stuck in a perpetual loop of removal to federal court and dismissal for lack of standing, or Plaintiffs would be unable to have their

10

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT
*Favell, et al., v. University of Southern California, et al.*, No. 2:23-cv-03389-SPG-MAR

Underscoring the need to remand this action to further the interests of federalism and comity, the Ninth Circuit did not contemplate in either *Sonner* or *Guzman* that these decisions would be a vehicle to permanently extinguish Plaintiffs' equitable causes of action. As the Ninth Circuit stated in *Guzman*, "where federal law bars us from considering the merits of state-law claims, **we also lack authority to prevent state courts from doing so**." 49 F.4th 1308, 1314-15 (emphasis added). Further, the Ninth Circuit in *Guzman* specifically rejected the strategy Defendants are asking this Court to employ. *Clevenger*, 2023 WL 2390630, at *4 n. 2 (stating that the *Guzman* "panel expressed deep skepticism regarding defense counsel's assertion that CAFA could be used to remove an otherwise viable state court claim to federal court and, as Judge Friedland put it, 'kill those claims, permanently'"); *see id.* ("'[T]here has to be some way, if there is a claim that can only be litigated in state court, that CAFA doesn't mean it's gone.'"). Defendants' abusive reliance on CAFA removal will do exactly what *Guzman* sought to avoid, by rendering state courts—and indeed, the entire judiciary—unable to consider the merits of most class action claims seeking equitable relief under California's consumer protection statutes.

## D.   The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Request for Injunctive Relief

While the Equitable Action centers on Plaintiffs' requests for equitable restitution under the UCL and FAL, the complaint also preserves a request for injunctive relief. Dkt. 2-1 at 52. Regardless of whether this Court has equitable jurisdiction over Plaintiffs' request for injunctive relief, there are no allegations in the Complaint to support Article III jurisdiction over this claim. *Cf. TransUnion LLC v. Ramirez*, 210 L. Ed. 2d 568, 141 S. Ct. 2190, 2208 (2021) ("[P]laintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for

federal claims heard by any tribunal." *People for Ethical Operation of Prosecutors & Law Enforcement v. Rackauckas*, 2018 WL 3533461, at *5 (C.D. Cal. July 23, 2018).

11

1  example, injunctive relief and damages).”). *See also Davidson v. Kimberly-Clark Corp.*, 873
2  F.3d 1103, 1113 (9th Cir. 2017) (identifying requirements for establishing Article III
3  standing for injunctive relief in a false advertising case). Plaintiffs brought this Equitable
4  Action in California state court, where they expected it to stay. And California state
5  courts “are not bound by the ‘case or controversy’ requirement of [A]rticle III of the
6  United States Constitution, but instead are guided by ‘prudential’ considerations.” *Bilafer
7  v. Bilafer*, 161 Cal. App. 4th 363, 370 (2008).

8      The Court therefore must remand the entire Equitable Action, including this
9  request for injunctive relief, and the claims for restitutionary relief over which the Court
10  lacks equitable jurisdiction. 28 U.S.C. § 1447(c) (“If at any time before final judgment it
11  appears that the district court lacks subject matter jurisdiction, the case shall be
12  remanded.”).

13      **E.    The Court Should Award Plaintiffs Their Costs and Attorneys’ Fees**
14      28 U.S.C. § 1447(c) provides, “An order remanding the case may require payment
15  of just costs and any actual expenses, including attorney fees, incurred as a result of the
16  removal.” “A court may exercise its sound discretion to award attorneys’ fees under §
17  1447(c) ‘where the removing party lacked an objectively reasonable basis for seeking
18  removal.’” *Bottiglier v. Dexcom, Inc.*, 2023 WL 3471461, at * 5 (S.D. Cal. Apr. 11, 2023)
19  (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

20      Far from having an “objectively reasonable basis for seeking removal,” as
21  described above, Defendants are acting in bad faith by using CAFA’s removal
22  procedures as a blunt instrument to permanently extinguish Plaintiffs’ equitable claims,
23  while also using CAFA to provide flimsy cover for their strategy. The Court should
24  recognize Defendants’ gamesmanship for what it is and award Plaintiffs their
25  reasonable costs and attorneys’ fees for being forced to move to remand a case that
26  should never have been brought into the federal forum.
27
28

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) grant Plaintiffs' motion to remand the Equitable Action to Los Angeles Superior Court; and (2) award Plaintiffs their just costs and reasonable attorneys' fees incurred in connection with the removal of the Equitable Action.

Respectfully submitted,

Date: May 24, 2023

*/s/ Cameron R. Partovi*

Cameron R. Partovi (Bar No. 319589)
Sabita J. Soneji (Bar No. 224262)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
*ssoneji@tzlegal.com*
*cpartovi@tzlegal.com*

Kristen G. Simplicio (Bar No. 263291)
Anna Haac (*pro hac vice*)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue Northwest, Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 919-5852
Facsimile: (202) 973-0950
*ksimplicio@tzlegal.com*
*ahaac@tzlegal.com*

Annick M. Persinger (Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
Telephone: (213) 425-3657
*apersinger@tzlegal.com*

Eric Rothschild (*pro hac vice*)
**NATIONAL STUDENT LEGAL DEFENSE NETWORK**
1701 Rhode Island Avenue Northwest
Washington, District of Columbia 20036
Telephone: (202) 734-7495
*eric@defendstudents.org*

*Counsel for Plaintiffs*