SHOOK, HARDY & BACON L.L.P.
Michael L. Mallow (SBN: 188745)
mmallow@shb.com
Mark. D. Campbell (SBN: 180528)
mdcampbell@shb.com
Nalani L. Crisologo (SBN: 313402)
ncrisologo@shb.com
2049 Century Park East, Suite 3000
Los Angeles, California  90067
Telephone:  424-285-8330
Facsimile:   424-204-9093

Attorneys for Defendant University of Southern California

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IOLA FAVELL, SUE ZARNOWSKI, and MARIAH CUMMINGS, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA and 2U, INC.,<br><br>Defendants. | Case No.:  2:23-CV-03389-SPG-MAR<br><br>Judge:  Hon. Sherilyn Peace Garnett<br><br>**DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S NOTICE OF MOTION AND MOTION TO STAY**<br><br>Date: June 28, 2023<br>Time:  1:30 p.m.<br>Ctrm:  5C<br><br>Complaint filed:    March 29, 2023 |

## MOTION AND NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 28, 2023, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5C of the First Street Courthouse, located at 350 West 1st Street, Los Angeles, California, 90012, Defendant University of Southern California ("USC") will, and hereby does, move the Court for an order staying this action until resolution of Plaintiffs' action in *Favell v. University of Southern California*, Case No. 2:23-CV-00846, which is also pending in this Court.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the attached Exhibits, and such argument as the Court may allow.

This motion is made following the videoconference of counsel under L.R. 7-3, which took place on May 8, 2023.

Dated: May 24, 2023                    Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**


By: /s/ *Michael L. Mallow*
    Michael L. Mallow
    **Attorney for Defendant**
    **University of Southern California**

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs' present action is duplicative of another action that was filed more than three months prior to the present action and that is currently pending in this Court in Case No. 2:23-CV-00846. The parties in both actions are the same. The claims in both actions are premised on the same alleged facts, seek redress for the same alleged wrong and same alleged injury, and (if they stated a claim for relief) would depend on substantially the same evidence. To promote efficiency and preserve judicial and party resources, USC respectfully requests the Court stay this later-filed, duplicative action until resolution of Plaintiffs' first-filed action in Case No. 2:23-CV-00846. Similarly, in the interests of efficiency and consistency, USC also respectfully requests this Court consider (and grant) its Motion to Stay before ruling on Plaintiffs' Motion to Remand.

## BACKGROUND

On December 20, 2022, Plaintiffs Iola Favell, Sue Zarnowski, and Mariah Cummings filed a putative Class Action Complaint against Defendants USC and 2U, Inc. ("2U") in California state court ("First Action"). (*See* **Exhibit 1**). Plaintiffs, who graduated from a fully online degree program in the USC Rossier School of Education ("Rossier"), alleged that they were harmed because Rossier's high rankings on U.S. News and World Report's ("U.S. News") annual list of "Best Graduate Schools of Education" were allegedly inflated in part by Rossier's misreporting of data to U.S. News. (*See id.* at ¶¶ 1-2). Plaintiffs' Complaint in the First Action asserted four equitable claims seeking restitution and/or injunctive relief. (*Id.* at ¶¶ 147-78). Plaintiffs' equitable claims were brought under California's False Advertising Law ("FAL"), Unfair Competition Law ("UCL"), Consumer Legal Remedies Act ("CLRA"), and purported common-law unjust enrichment. (*Id.*).

Pursuant to the Class Action Fairness Act and 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, 2U removed Plaintiffs' First Action to this Court, where it was assigned Case No. 2:23-CV-00846. Plaintiffs did not contest removal of the First Action. USC and

1  2U then moved to dismiss Plaintiffs' Complaint for failure to state a claim.  Rather than
2  oppose those Motions to Dismiss, Plaintiffs filed a First Amended Complaint in the
3  First Action.  Plaintiffs' First Amended Complaint dropped all of their equitable claims
4  and replaced them with a single CLRA claim seeking damages.  (*See* **Exhibit 2**, ¶¶ 147-
5  53).  USC and 2U have moved to dismiss Plaintiffs' First Amended Complaint for
6  failure to state a claim; those Motions to Dismiss have been fully briefed and remain
7  pending in this Court.  Plaintiffs' First Amended Complaint expressly acknowledges,
8  "Plaintiffs are dismissing their equitable claims from this action, and are filing suit in
9  Los Angeles County Superior Court to re-assert those equitable claims."  (*Id.* at ¶ 20).

10  Plaintiffs indeed re-filed their equitable claims under the FAL, UCL, and CLRA
11  against USC and 2U in California state court on March 29, 2023 ("Second Action").
12  (*See* **Exhibit 3**, ¶¶ 147-66).  Like the First Action, 2U removed the Second Action to
13  this Court pursuant to the Class Action Fairness Act.  In the Second Action, Plaintiffs
14  acknowledge the voluntary dismissal of their equitable claims in the First Action and
15  that "[t]hose equitable causes of action, which originally appeared in the [First] Action
16  are the basis of this Complaint."  (*Id.* at ¶ 20).  Plaintiffs' Complaint in the Second
17  Action contains identical factual allegations to Plaintiffs' First Amended Complaint in
18  the First Action, which remains pending in this Court in Case No. 2:23-CV-00846.
19  (*Compare* **Exhibit 2**, ¶¶ 1-18, 21-134 *with* **Exhibit 3**, ¶¶ 1-18, 21-134).

## LEGAL STANDARD

21  "Plaintiffs have no right to maintain two separate actions involving the same
22  subject matter at the same time in the same court and against the same defendant."
23  *Bojorquez v. Abercrombie & Fitch, Co.*, 193 F. Supp. 3d 1117, 1123 (C.D. Cal. 2016)
24  (quotations omitted).  "The doctrine of claim-splitting embodies the notion that a party
25  is not at liberty to split up his demand, and prosecute it by piecemeal, or present only a
26  portion of the grounds upon which special relief is sought, and leave the rest to be
27  presented in a second suit, if the first fail."  *Id.* (quotations omitted).  "There would be
28  no end to litigation if such a practice were permissible."  *Id.* (quotations omitted).  "The

ultimate objective of this rule against claim-splitting is to protect the Defendant from being harassed by repetitive actions based on the same claim and to promote judicial economy and convenience." *Id.* (quotations omitted).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, ***to stay that action pending resolution of the previously filed action***, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (emphasis added). "Courts apply an analysis similar to a claim preclusion analysis and thus must assess whether the second suit raises issues that should have been brought in the first." *Bojorquez*, 193 F. Supp. 3d at 1123 (quotations omitted). "The most important criterion in determining whether the two actions are the same is whether the two suits arise out of the same transactional nucleus of facts." *Id.* (quotations omitted).

## ARGUMENT

To establish that a plaintiff is impermissibly splitting claims and pursuing duplicative actions, two requirements must be met. *Id.* First, "the parties to the subsequent action must be the same as or in privity with the parties in the prior action." *Id.* (quotations omitted). This first requirement is met here because the parties in the Second Action are identical to the parties in the First Action—all Plaintiffs (Favell, Zarnowski, and Cummings) are the same, and all Defendants (USC and 2U) are the same. (*Compare* **Exhibit 2**, ¶¶ 11-15 *with* **Exhibit 3**, ¶¶ 11-15). Further, Plaintiffs bring both Actions on behalf of the same putative class. (*Compare* **Exhibit 2**, ¶ 135 *with* **Exhibit 3**, ¶ 135).

Second, the claims in the subsequent action and the claims in the prior action must derive from the same transaction or series. *Id.* at 1125. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* (quotations omitted). This second requirement is also met here. Plaintiffs' equitable claims in the

3

1  Second Action "arise out of the same transactional nucleus of facts" as Plaintiffs' legal
2  claim in the First Action.  *See id.*  As noted, the factual allegations are identical.
3  (*Compare* **Exhibit 2**, ¶¶ 1-18, 21-134 *with* **Exhibit 3**, ¶¶ 1-18, 21-134).  All of
4  Plaintiffs' claims also "involve infringement of the same right," *see Bojorquez*, 193 F.
5  Supp. 3d at 1125, *i.e.*, alleged misrepresentations causing Plaintiffs' alleged injury of
6  overpayment.  (*Compare* **Exhibit 2**, ¶¶ 150-151 *with* **Exhibit 3**, ¶¶ 150, 152, 159-60,
7  165-66).  And, if they actually stated a claim upon which relief could be granted (which
8  USC disputes), all of Plaintiffs' claims would depend on "substantially the same
9  evidence."  *See Bojorquez*, 193 F. Supp. 3d at 1125.  Thus, despite seeking different
10 types of relief, Plaintiffs' equitable claims in the Second Action are substantively
11 duplicative of Plaintiffs' legal claim for damages in the First Action.  "[L]egal and
12 equitable claims based on the same factual predicates are not true alternative theories
13 of relief, but rather are duplicative." *See Rodriguez v. Just Brands USA, Inc.*, No. 2:20-
14 CV-04829, 2021 WL 1985031, at *8 (C.D. Cal. May 18, 2021) (quotations omitted).
15 This remains true even when such claims are nominally brought under different
16 consumer protection statutes.  *See id.*  (ruling UCL and FAL claims seeking restitution
17 were duplicative to CLRA claim seeking damages).

18      Accordingly, this present action—Plaintiffs' Second Action—is plainly
19 duplicative to Plaintiffs' pending First Action in Case No. 2:23-CV-00846.  As such,
20 "it would waste judicial resources for them to proceed on parallel tracks." *Phoung v.*
21 *WinCo Holdings, Inc.*, No. 2:21-CV-02033, 2022 WL 16701404, at *1 (E.D. Cal.
22 Oct. 28, 2022).  "Staying this case would thus preserve resources of all parties, while
23 preserving [Plaintiffs'] interests here, which are being considered with reference to" the
24 First Action.  *Id.*  "A stay thus results in no harm to [Plaintiffs] here or to the putative
25 class in this case, the claims of which will be prosecuted in" the First Action.  *Id.*  In
26 contrast, litigating these two duplicative Actions simultaneously "would result in an
27 incredible waste of litigation resources" and "produce immense inefficiencies." *Cabral*
28 *v. Supple, LLC*, No. CV-12-00085, 2016 WL 1180143, at *3-*4 (C.D. Cal. Mar. 24,

2016). "[G]iven the substantial overlap of these cases," there is no conceivable "reason not to stay the instant matter." *Phoung*, 2022 WL 16701404, at *1. If Plaintiffs are successful in the First Action, their claims in this Second Action will likely be rendered moot; if Plaintiffs are unsuccessful in the First Action, their claims in this Second Action will likely be precluded as a result.

Finally, regardless of whether this Court lacks equitable jurisdiction over Plaintiffs' claims, this Court indisputably has **subject matter** jurisdiction over this action, *see* 28 U.S.C. § 1332(d)(2), and thus also has the power to stay this action without first considering remand. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). A stay "does not constitute abnegation of judicial duty. On the contrary, it is a wise and productive discharge of it. There is only postponement of decision for its best fruition." *Id.* (quotations omitted).

Efficiency and consistency are the "key factors" in determining whether "a motion to remand or a motion to stay should be decided first." *Zhang v. Ancestry.com Operations, Inc.*, No. 21-CV-07652, 2022 WL 718486, at *5 (N.D. Cal. Mar. 10, 2022). Unlike a remand, a stay at this time will avoid "an inefficient system that results in potential claim splitting, and federal and state courts reaching different results on the same claim." *Treinish v. iFit Inc.*, No. CV-22-4687, 2022 WL 5027083, at *5 (C.D. Cal. Oct. 3, 2022). "The efficient use of federal and state judicial resources" thus supports staying this action before addressing remand. *Zhang*, 2022 WL 718486, at *6. "Consistency also favors considering [USC's] request for a stay first." *Id.* at *7. Currently pending in the United States Supreme Court is a Petition for Writ of Certiorari seeking review of the Ninth Circuit's recent decision in *Guzman v. Polaris Industries Inc.*, 49 F. 4th 1308 (9th Cir. 2022), which addresses a federal court's lack of equitable jurisdiction.[1] *See Polaris Indus. Inc. v. Albright*, No. 22-987, 2023 WL 2917563. Staying this case will allow time for the Supreme Court to potentially weigh in on

---

[1] A Response to that Petition was due May 11, 2023, but, as of this filing, no Response has been docketed.

whether lack of equitable jurisdiction can even justify remand in the first place. *See id.* at *35 ("Moreover, a decision will resolve this case and provide guidance to lower courts facing tit-for-tat motions to remove, remand, and abstain from class action claims."). In contrast, a remand "could be inconsistent with the [Supreme Court's] eventual ruling" in the *Polaris* case. *See Zhang*, 2022 WL 718486, at *7. Therefore, "it is prudent to consider [USC's] request for a stay before considering [Plaintiffs'] motion to remand." *Id.*

## CONCLUSION

For the foregoing reasons, USC respectfully requests the Court stay[2] this later-filed, duplicative Second Action until resolution of Plaintiffs' First Action in Case No. 2:23-CV-00846, which is also pending in this Court, and do so before addressing Plaintiffs' Motion to Remand.

Dated: May 24, 2023

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: /s/ *Michael L. Mallow*
　　　Michael L. Mallow

**Attorney for Defendant
University of Southern California**

---

[2] In its discretion, this Court also has the option to dismiss the Second Action **with** prejudice in lieu of a stay. *See Adams*, 487 F.3d at 692-93 ("Dismissal of the duplicative lawsuit [with prejudice], more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation.") (quotations omitted); *Bojorquez*, 193 F. Supp. 3d at 1127 (same). Consolidation of the Second Action with the First Action is another option, *see Adams*, 487 F.3d at 688, though USC anticipates consolidation would be unproductive as Plaintiffs would likely voluntarily dismiss their equitable claims yet again and re-file them in state court as a third action, leading to removal of that third action to this Court.