UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3389-GW-MARx | Date | July 5, 2023 |
|---|---|---|---|
| Title | *Iola Favell et al v. University of Southern California, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING ON PLAINTIFFS' MOTION TO REMAND TO STATE COURT [30]; and DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S MOTION TO STAY [31]

Attached hereto is the Court's Tentative Ruling on the above-entitled Motions [30, 31], set for hearing on July 6, 2023 at 8:30 a.m.

| | : |
|---|---|
| Initials of Preparer | JG |

***Iola Favell et al v. University of Southern California et al***; Case No. 2:23-cv-03389-GW-(MARx)
Tentative Ruling on: (1) Motion to Remand and (2) Defendant USC's Motion to Stay

On December 20, 2022, Plaintiffs Iola Favell, Sue Zarnowski, and Mariah Cummings ("Plaintiffs") filed a putative class action against Defendants University of Southern California ("USC") and 2U, Inc. ("2U") (together, "Defendants") in a related case in the Superior Court of the State of California, County of Los Angeles. *See Iola Favell et al v. University of Southern California et al* ("*Favell I*"), Case No. 2:23-cv-00846-GW-MAR (C.D. Cal.), ECF No. 1-1.[1] Plaintiffs in *Favell I* allege that Defendants artificially inflated their U.S. News & World Report ("US News") rankings by submitting incomplete data to US News. *See id.*[2] Their initial complaint asserted four causes of action for: (1) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (3) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Bus. & Prof. Code § 17500 *et seq.*; and (4) unjust enrichment. *See id.*

On February 3, 2023, 2U removed that case to federal court pursuant to the Class Action Fairness Act. *See Favell I*, ECF No. 1. 2U and USC each moved to dismiss, arguing, in part, that Plaintiffs' claims for equitable relief could not be heard in federal court. *See Favell I*, ECF Nos. 28, 30. Before those motions were decided, Plaintiffs filed a First Amended Complaint ("FAC") on March 29, 2023. *See Favell I*, ECF No. 32. The FAC drops Plaintiffs' equitable claims and instead asserts a single cause of action for damages under the CLRA. Plaintiffs filed this action ("*Favell II*") in state court on the same day. *See* Complaint, ECF No. 1-1. The factual allegations in this case are the same as in *Favell I*, but Plaintiffs bring three equitable causes of action. Defendants again removed. *See* Notice of Removal, ECF No. 1.

Now before the Court is Plaintiffs' Motion to Remand to State Court ("MTR"), ECF No. 30. USC and 2U each filed oppositions, ECF No. 37 ("USC Opp."); ECF No. 38 ("2U Opp."), and Plaintiff filed a reply, ECF No. 42 ("MTR Reply").

---

[1] 2U is described in the *Favell I* complaint as a "for-profit, publicly-traded corporation" which "offers technology platforms for the provision of online programs and uses the name and branding of schools like USC, which can charge students top dollar. USC hired 2U not only to provide technical support, but to run the advertising and recruiting for those online programs." *See Favell I* Complaint ¶ 2.

[2] Plaintiffs' factual allegations are discussed in greater detail in the Court's tentative ruling on Defendants' motions to dismiss the FAC in *Favell I*.

1

Also before the Court is USC's Motion to Stay, ECF No. 31. Plaintiffs filed an opposition, ECF No. 36, and USC filed a reply, ECF No. 41.

I. **Motion to Remand**

Plaintiffs do not challenge that this Court has subject matter jurisdiction over this dispute under CAFA. Instead, the primary basis for Plaintiffs' motion is that this Court lacks equitable jurisdiction to hear Plaintiffs' claims for restitution. As explained in the Ninth Circuit's recent decision in *Guzman v. Polaris Industries Inc.*:

> In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy. . . .
>
> Equitable jurisdiction is distinct from subject matter jurisdiction, although both are required for a federal court to hear the merits of an equitable claim. Even when a court has subject matter jurisdiction, "[t]here remains the question of equitable jurisdiction" before "the District Court properly [can] reach the merits."

49 F.4th 1308, 1314 (9th Cir. 2022) (citations omitted) (alterations in original), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, No. 22-987, 2023 WL 3937623 (U.S. June 12, 2023); *see also Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975) ("[T]he question of equitable jurisdiction, [is] a question concerned, not with whether the claim falls within the limited jurisdiction conferred on the federal courts, but with whether consistently with the principles governing equitable relief the court may exercise its remedial powers.").

As a preliminary matter, whether this Court has equitable jurisdiction has not yet been determined. Plaintiffs' assert, in conclusory fashion, that "[i]t is beyond dispute that the Court lacks equitable jurisdiction over" Plaintiffs' equitable claims. MTR at 5. But no such determination has yet been made. Rather, in response to USC's motion to dismiss the original Complaint in *Favell I*, Plaintiffs voluntarily dismissed their equitable claims before they had briefed the issue. As a consequence, whether Plaintiffs lack an adequate remedy at law – the determination of which is critical to the application of *Guzman* (and *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) upon which it relied) – has not been decided. *See Treinish v. iFit Inc.*, No. CV 22-4687-DMG (SKx), 2022 WL 5027083, at *4 (C.D. Cal. Oct. 3, 2022) ("*Sonner* . . . addresses a situation in which the plaintiff has not sufficiently alleged she lacks an adequate remedy at law. 971 F.3d 844. Nothing in that decision prevents a federal court from exercising jurisdiction over equitable claims under the UCL and CLRA with different factual and

legal allegations.").

Nor is it clear that *Guzman* even addresses the present situation. Indeed, several district courts applying *Guzman* in the context of a motion to remand have denied such motions, reasoning that the lack of equitable jurisdiction is not a basis for remand when subject matter jurisdiction is present. *See Treinish v. iFit Inc.*, 2022 WL 5027083, at *4 ("Section 1447(c) does not provide an adequate legal justification to remand this case."); *Kim v. Walmart, Inc*, No. 2:22-CV-08380-SB-PVC, 2023 WL 196919, at *2 (C.D. Cal. Jan. 13, 2023) ("Remand is inappropriate because diversity jurisdiction exists, and the Court's authority to hear this case does not depend on its equitable powers."); *see also Hooks v. Dignity Health*, No. 2:22-cv-07699-DSF (PDx), 2022 WL 17968833, at *3 (C.D. Cal. Dec. 27, 2022) (dismissing equitable claims without prejudice but denying motion to remand). By contrast, the sole post-*Guzman* decision cited by Plaintiffs granting remand is readily distinguishable. In that case, the court had already determined that the plaintiffs had adequate legal remedies and dismissed their equitable claims; the remand issue presented itself only after the plaintiffs refiled in state court and the defendants again removed. *See Clevenger v. Welch Foods Inc.*, No. 8:23-cv-00127-CJC-JDE, 2023 WL 2390630, at *1, *5 n.4 (C.D. Cal. Mar. 7, 2023) (distinguishing the above-cited cases on the grounds that none "dealt with a procedural posture resembling the one currently before the Court – *i.e.*, a motion to remand an equitable claim removed under CAFA that was previously dismissed without prejudice to refiling it in state court due to a lack of equitable jurisdiction. Instead, they dealt with motions to remand only an equitable claim while retaining non-equitable claims.").[3] On reply, Plaintiffs also rely heavily on *Cates v. Allen*, 149 U.S. 451, 460 (1893) and *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 689-90 (1927) for the proposition that where a district court lacks equitable jurisdiction over a claim, it must remand. But as 2U points out, those cases predate the merger of courts of law and equity.

Plaintiffs' remaining arguments show, at most, that this Court has discretion to remand Plaintiffs' equitable claims. Even assuming those assertions are correct, the Court would decline

---

[3] Plaintiffs claim that this case is procedurally similar to *Clevenger*, notwithstanding that no determination as to the adequacy of legal relief has yet been made. Plaintiffs argue that "requiring the Court to dismiss an action without prejudice as a prerequisite to remanding the plaintiffs' second action would create a wildly impractical and nonsensical burden on the Court's time, and that of the parties." MTR Reply at 14. Be that as it may, *Sonner* by its terms only applies where there is no adequate remedy at law, and "this Court has no authority to go against *Sonner*'s directive out of fears of judicial inefficiency." *Treinish*, 2022 WL 5027083, at *5.

to do so at this point. Plaintiffs argue that remand furthers the interests of federalism and comity, but that argument appears to presuppose that absent remand, Plaintiffs will be left with no forum in which to litigate their equitable claims. As discussed *infra*, that is not the case. Finally, Plaintiffs argue that the Court lacks Article III jurisdiction over Plaintiffs' requests for injunctive relief, but the basis for that assertion is unexplained.

Accordingly, the Court would **DENY** the motion to remand, as well as Plaintiffs' request for costs and attorneys' fees.

## II. Motion to Stay

USC moves to stay this case pending resolution of Plaintiffs' CLRA claim in *Favell I*. USC argues that a stay is warranted because the filing of *Favel II* constitutes impermissible claim-splitting. The prohibition against claim-splitting establishes that "a party is 'not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail.'" *Bojorquez v. Abercrombie & Fitch, Co.*, 193 F. Supp. 3d 1117, 1123 (C.D. Cal. 2016) (quoting *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894)). For the rule against claim-splitting to apply, the defendant must show that the parties to the two actions are the same (or in privity), and that the claims in the prior action derive from the same transaction or series. *Id.* at 1123-25. Both requirements are easily met here; the parties are the same, and underlying factual allegations are the same. The only difference is the statutory basis for Plaintiffs' causes of action.

That Plaintiffs have engaged in claim-splitting, however, does not mean that a stay is warranted. "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, *or to consolidate both actions*." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (emphasis added). Having found that it would be premature to remand Plaintiffs' equitable claims to state court, the Court finds that consolidation of *Favell I* and *Favell II* would be most appropriate.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to remand and **DENIES** USC's motion to stay. The Court will consolidate this action with *Favell I*.