Annick M. Persinger (SBN 272996)
Sabita J. Soneji (SBN 224262)
Spencer S. Hughes (SBN 349159)
**TYCKO & ZAVAREEI LLP**
10880 Wilshire Blvd., Ste. 1101
Los Angeles, CA 90024
Telephone: (510) 254-6808
*apersinger@tzlegal.com*
*ssoneji@tzlegal.com*
*shughes@tzlegal.com*

*Counsel for Plaintiffs*

Holly Pauling Smith (*pro hac vice*)
**SHOOK HARDY AND BACON LLP**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
*hpsmith@shb.com*

*Counsel for Defendant University of Southern California*

*[Additional Counsel Omitted]*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

| | |
|---|---|
| IOLA FAVELL, SUE ZARNOWSKI, MARIAH CUMMINGS, and AHMAD MURTADA, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA and 2U, INC.,<br><br>Defendants. | Case Nos. 2:23-cv-00846-GW-MAR; 2:23-cv-03389-GW-MAR<br><br>**JOINT REPORT RE: CLASS CERTIFICATION CASE SCHEDULE** |

## JOINT REPORT RE: CLASS CERTIFICATION CASE SCHEDULE

Plaintiffs Iola Favell, Sue Zarnowski, Mariah Cummings, and Ahmad Murtada and Defendant University of Southern California (together, the "Parties") submit this Joint Report Re: Class Certification Case Schedule in both 2:23-cv-00846-GW-MAR ("*Favell I*") and 2:23-cv-03389-GW-MAR ("*Favell II*") pursuant to the Court's direction in the February 12, 2024 hearing. *See Favell I* Dkt. 105; *Favell II* Dkt. 89. During that hearing, the Court considered the Parties' Stipulated Class Certification-Related Case Schedule (*Favell I* Dkt. 102; *Favell II* Dkt. 87), did not approve it, and ordered the Parties to file a joint report by February 16, 2024. *See Favell I* Dkt. 105; *Favell II* Dkt. 89. The Court continued its hearing on the Parties' class certification case schedule until February 22, 2024. *Id.*

Despite good faith efforts, the Parties have been unable to agree on a joint class certification case schedule proposal. Plaintiffs and Defendant USC thus submit their individual class certification case schedule proposals below.

| **Plaintiffs' Schedule Proposal** | |
|---|---|
| **Event** | **Deadline** |
| Plaintiffs' Motion for Class Certification, including class certification-related expert witness declaration(s) | June 25, 2024 |
| Defendant's Response to Plaintiffs' Motion for Class Certification, including class certification-related expert witness declaration(s) | July 25, 2024 |
| Plaintiffs' Reply in Support of Motion for Class Certification, including rebuttal class certification-related expert witness declaration(s) | August 15, 2024 |
| Court Hearing and Oral Argument on Plaintiffs' Motion for Class Certification | August 29, 2024 |

1
JOINT REPORT RE: CLASS CERTIFICATION CASE SCHEDULE
Case Nos. 2:23-cv-00846-GW-MAR; 2:23-cv-03389-GW-MAR

**Plaintiffs' Proposed Class Schedule Position.** To comply with the Court's direction during the February 12, 2024 hearing, during which the Court emphasized its desire for a class certification hearing date that is closer to today than January 2025, Plaintiffs propose a class certification briefing schedule culminating in an August 2024 hearing. By contrast, Defendant proposes a class certification hearing more than nine months from today and only two months earlier than the Parties' original proposal (*Favell I* Dkt. 102; *Favell II* Dkt. 87), while insisting on an inefficient full round of briefing and a hearing on class certification experts. In the event the Court is amenable to a hearing date in November 2024, Plaintiffs would agree with Defendant's alternative proposed schedule of providing 60 days following Plaintiffs' Motion for Class Certification for Defendant to file its Response, so long as Plaintiffs likewise are provided 60 days from the Response for their Reply.

Defendant's overall proposal including additional *Daubert* briefing, however, runs contrary to this Court's typical practice as noted during the July 6, 2023 hearing, which is to focus on one date for class actions: "the date to hear a motion for class certification." *Favell II* Dkt. 50 at 40:12-13 (July 6, 2023 Hr'g Tr.). That make sense and is in line with Plaintiffs' proposal, which is consistent with the nature of the inquiry at this juncture, where this Court need only consider expert evidence to the limited extent of determining whether it is "capable of showing class-wide impact," but "not to reach a conclusion on the merits" of that evidence, which is reserved for after class certification. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 676 (9th Cir. 2022) (en banc). Although Plaintiffs intend to use declarations from experts to support their Rule 23 showing, Plaintiffs' proposal in no way limits USC's ability to raise Rule 702 objections or offer its own expert evidence in opposition to class certification. Rather, Plaintiffs' proposal ensures both parties have ample time to object to any expert evidence from either party by building in additional briefing time to allow both Parties to consider and advance those objections in the briefs themselves, as well as enlarged page limits for doing so, should the Court grant the Parties' agreement in that regard.

By contrast, Defendant's proposal builds in unnecessary delay, duplication, and inefficiency given that neither party is contemplating the completion of merits expert

discovery prior to class certification briefing. Defendant's proposal is further unworkable in that it would require the parties to fully brief and hold a hearing on class certification-related expert issues <u>before</u> Plaintiffs even file a motion for class certification. Any analysis of the adequacy of the expert testimony for Rule 23 purposes necessarily requires that it be presented alongside the class certification briefing that it will be proffered to support.[1] Defendant's proposal would have this Court resolve that question in a vacuum. Moreover, because after class certification, a round of challenges to experts on merits issues will be needed, Defendant's proposal unnecessarily prolongs and duplicates proceedings.

Finally, any earlier expert report or class certification deadline would be untenable and prejudicial to Plaintiffs. Although Plaintiffs served their first set of discovery requests on Defendant a mere eight days after the Court denied Defendant's motion to dismiss the *Favell I* complaint, Defendant did not make its first production of documents until over four months later (on November 27, 2023), and the totality of its productions to date contain documents responsive to only approximately five of Plaintiffs' 74 requests. Although class certification is not a merits inquiry, there is key discovery that Plaintiffs have asked for and anticipate using to support class certification, which has been stalled in part due to the uncertain posture of this case and, in particular, 2U's only recent dismissal as a defendant.[2] Although Plaintiffs are

---

[1] This is particularly important because of Rule 23(f)'s streamlined process for seeking leave to appeal. Were the *Daubert* analysis separately considered, it could effectively strip away those rights.

[2] Until the Court's order granting then-defendant 2U, Inc.'s motion to dismiss on January 23, 2024 (*Favell I* Dkt. 101; *Favell II* Dkt. 86), the Parties disputed the discoverability of multiple categories of documents sought by Plaintiffs' requests, which created a challenging posture for Plaintiffs to obtain discovery. The Court's order on 2U's motion to dismiss in late January has provided additional clarity, and the Parties have been diligently engaged in working through their disagreements and seeking compromises since that time. On February 5, 2024, less than two weeks after the Court's order granting 2U's motion to dismiss with leave to amend and after determining not to further amend the *Favell* complaints at that time, Plaintiffs served a subpoena on 2U seeking the production of documents Plaintiffs believe to be critical to class certification issues. 2U is expected to respond to the subpoena by February 20, 2024.

hopeful that USC and 2U will timely and appropriately meet their obligations to respond to discovery in this case, Plaintiffs' proposed June 25, 2024 class certification deadline is already ambitious, particularly given the complexity of this case, which involves facts dating back to 2008 and sensitive class member data protected by the Federal Education Rights and Privacy Act (FERPA). Indeed, USC has not even propounded any discovery to Plaintiffs, and Plaintiffs are anticipating that time will be needed to prepare and defend for their four depositions in addition to the depositions Plaintiffs will need from Defendant over the next four months, all while reviewing Defendant's document productions, engaging in discovery negotiations, and working with experts. Further, Plaintiffs have been meeting and conferring with Defendant on discovery and engaging with experts without any set class certification deadline, such that an overly aggressive motion deadline would cause unfair surprise and prejudice.

In sum, Plaintiffs' proposed class certification schedule strikes an appropriate balance between the need for efficiency and to maintain the Parties' focus on key class certification issues, while also allowing for appropriate time to obtain needed discovery so long as the Parties remain diligent in complying with their discovery obligations, as well as sufficient time and page limits to brief any objections to expert evidence in support of class certification.

| **USC's Schedule Proposal** | |
|---|---|
| **Class Expert Discovery** | **Deadline** |
| Plaintiffs serve class expert reports | May 21, 2024 |
| USC deposes Plaintiffs' class experts | May 28–June 4, 2024 |
| USC serves class expert reports | June 18, 2024 |
| Plaintiffs depose USC's class experts | June 25–July 2, 2024 |
| Close of class expert discovery | July 2, 2024 |
| **Class Expert Challenges** | **Deadline** |
| Motions filed | July 16, 2024 |
| Oppositions filed | August 15, 2024 |

| Replies filed | August 29, 2024 |
| --- | --- |
| Hearing on Class Expert Motions | September 5, 2024 |
| **Class Certification** | **Deadline** |
| Motion for Class Certification | October 4, 2024 |
| Response in Opposition to Class Certification | November 4, 2023 |
| Reply in Support of Class Certification | November 18, 2024 |
| Court Hearing and Oral Argument on Plaintiffs' Motion for Class Certification | November 25, 2024 |

**USC's Proposed Class Schedule Position.** At this week's conference, the Court requested a class-related schedule pursuant to which class-related Rule 702 (also referred to as *Daubert*) challenges would precede the class certification briefing. USC's proposal accomplishes this sequencing. Plaintiffs have asked USC to agree to forgo Rule 702 challenges altogether at the class certification stage. USC cannot agree to that as it would ignore Plaintiffs' burden of proof on class certification. *See Olean* 31 F.4th 651, 664-66 (9th Cir. 2023) (the party seeking class certification must prove all Rule 23 prerequisites by a preponderance of the evidence, which may require resolving conflicting class expert disputes). Despite Plaintiffs' assertions to the contrary, expert testimony regarding class certification issues will be critical in this case on key certification issues, including classwide materiality, classwide exposure, classwide injury and classwide causation linking alleged harms to purported injury. All too often, the expert report submitted by putative class plaintiffs addressing class certification issues falls far short of Federal Rules of Evidence 702 standards, thereby resulting in a denial of class certification. *See e.g. Grodzitsky v. American Honda Motor Co., Inc.*, 957 F.3d 979 (9th Cir. 2020). Plaintiffs' proposal, which contemplates providing Plaintiffs all the discovery and time they purportedly want in advance of class certification, envisions the sharing of expert reports, but no time for expert discovery related to those reports or for challenges of class experts. This renders Plaintiffs' proposal lopsidedly unfair to USC as USC needs a reasonable amount of time to depose Plaintiffs' class experts, to respond with its own class-related expert reports,

and to challenge Plaintiffs' class experts. USC's proposal accommodates this, while still ensuring that the Court hears class-certification argument before Thanksgiving of this year and two months sooner than the parties' prior stipulation. Moreover, USC's proposal is significantly more efficient than Plaintiffs' proposal. Delaying class-expert discovery and challenges until after class certification is briefed, argued, and ruled upon—as Plaintiffs propose—would essentially render any certification order preliminary in nature because decertification motion practice would inevitably follow once class experts were finally deposed and challenged.

Finally, having just received Plaintiffs' Position Statement, USC adds the following three points in response. *First*, Plaintiffs' proposal does *not* provide "ample time" for class-expert discovery and briefing. In a mere 30 days, USC would receive multiple class-related expert reports; prepare for and take multiple expert depositions; await those transcript for use; prepare and serve responding expert reports; *and* simultaneously draft its class opposition brief incorporating all of the foregoing. If Plaintiffs want only 21 days for that activity on their side (as their proposal provides), that's their choice.[3] But, in the event the Court is inclined to adopt Plaintiffs' framework, USC respectfully asks the Court for at least 60 days between receiving Plaintiffs' expert reports and filing its opposition brief so it has reasonable time to complete the aforementioned work. *Second*, the "vacuum" Plaintiffs attribute to USC's proposal reflects USC's understanding from Monday's conference of the Court's preference for resolving class-expert disputes before class certification briefing. *Finally*, in terms of Plaintiffs' recounting of discovery events, USC notes that it began a rolling production of documents within two weeks of the Court's entry of the ESI Protocol and Protective Order, and, to date, USC has produced 3,368 documents (totaling over 18,000 pages), including all documents Jones Day relied upon in its report that inspired Plaintiffs' case. And only yesterday did USC receive Plaintiffs'

---

[3] Since the parties' last exchange of this draft filing, Plaintiffs have revised their section to say that they, too are fine with a 60 day window for expert discovery between briefs, which they characterize as "Defendant's alternative proposed schedule." To be clear, USC was merely responding to Plaintiffs proposal.

1  proposed additional custodians. USC has worked, and will continue to work, in good faith to
2  move discovery along as quickly as possible.

3                                        *       *       *

4     The Parties further jointly propose the following briefing length-limitation
5  enlargements:

| Event | Length Limitation |
|---|---|
| Plaintiffs' Motion for Class Certification | 40 pages |
| Defendant's Response to Plaintiffs' Motion for Class Certification | 40 pages |
| Plaintiffs' Reply in Support of Motion for Class Certification | 19 pages |

Dated: February 16, 2024          Respectfully submitted,

/s/ *Spencer S. Hughes*
**TYCKO & ZAVAREEI LLP**
Spencer S. Hughes (SBN 349159)
10880 Wilshire Boulevard, Suite 1101
Los Angeles, CA 90024
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
shughes@tzlegal.com

*Counsel for Plaintiffs*

Dated: February 16, 2024          Respectfully submitted,

/s/ *Mark D. Campbell*
**SHOOK, HARDY & BACON LLP**
Mark D. Campbell (SBN 180528)
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone: (424) 324-3412
Facsimile: (424) 204-9093

*Counsel for University of Southern California*

# SIGNATURE CERTIFICATION

I, Spencer S. Hughes, hereby attest pursuant to Civil Local Rule 5-4.3.4 that all other signatories listed, and on whose behalf this filing is submitted, concur in the contents of this filing and have authorized the filing.

Dated: February 16, 2024                    /s/ *Spencer S. Hughes*
                                            Spencer S. Hughes